


1  Mark Mauser, Esq.
   Nevada State Bar # 002398
2  930 Evans Avenue
   Reno, Nevada 89512
3  (775) 786-5477

4  Attorney for Plaintiff

5

6              UNITED STATES DISTRICT COURT

7                 DISTRICT OF NEVADA

8

9  ALAN KESSLER,                          CASE NO.

10         Plaintiff,                     **COMPLAINT AND JURY DEMAND**

11     vs.
                                          CV-N-02-0466-DWH-RAM
12 UNIVERSITY OF NEVADA,
   RENO, and DOES I-X,
13
           Defendants.
14 _____/

15     COMES NOW plaintiff, through his attorney, and hereby complains of defendants as
16 follows:

17                       Parties and Jurisdiction

18     1.   Plaintiff is an adult male who was previously employed by the University of
19 Nevada Reno (hereinafter "UNR) on a part-time basis.  While so employed plaintiff was also a
20 student at UNR.  While so employed plaintiff was a resident of northern Nevada.  Plaintiff has
21 obtained a "Notice of Right to Sue" from the Equal Employment Opportunity Commission.  This
22 "Complaint and Jury Demand" is timely filed in accordance therewith.  Plaintiff hereby requests
23 a jury trial relative to all issues so triable.

24     2.   Defendant UNR is a university, whose main facility is located in northern Nevada,
25 i.e., in Reno, Washoe County, State of Nevada, at which plaintiff was previously employed.
26 Almost, if not all acts, statements and omissions herein alleged occurred in northern Nevada.  At

27

28                                    1

1 all times relevant plaintiff is informed that UNR employed in excess of 15 persons.

2     3.    Defendants Does I-X are entities or persons, the identities of whom plaintiff is unaware of at this time. When plaintiff learns of the identity of any doe defendant and the manner in which said defendant is legally responsible relative to his injuries or damages, plaintiff will promptly seek leave of this Court so as to amend this "Complaint and Jury Demand" so as to add said doe entity or person as a defendant herein.

    4.    This Court has subject matter jurisdiction over this action pursuant to Title VII of the 1964 Civil Rights Act, i.e., Title 42, section 2000e, et seq. of the United States Code, as well as Title 28, section 1331 of the United States Code. Subject matter jurisdiction exists because plaintiff is alleging a violation or violations of Title 42 section 2000e, et seq. and because defendant UNR had, at all times herein mentioned, in excess of fifteen employees.

### First Cause of Action

(Hostile Work Environment)

    5.    Plaintiff hereby incorporates the allegations of paragraph 1 through 4 as though th same were fully stated herein.

    6.    Plaintiff commenced working for defendant UNR in approximately May 16, 2001, and worked for UNR until approximately August 23, 2001. Plaintiff was sexually harassed by a co-employee, Dmitry Fedin. Mr. Fedin is a very large male who used his size to intimidate plaintiff, as well as other employees of defendant UNR. Mr. Fedin made many vulgar sexual remarks to Plaintiff. A reasonable man, similarly situated to plaintiff, would have been offended by Mr. Fedin, e.g., plaintiff did not know whether Mr. Fedin would use his superior size and strength to subdue plaintiff or to otherwise harm or sexually exploit him. Mr. Fedin's mere presence became threatening and offensive to plaintiff. Mr. Fedin told plaintiff such statements as "shut up or I'll rape you." Mr. Fedin told plaintiff that, "I'm going to stick my dick" in another employee's mouth. Mr. Fedin made a number of vulgar, threatening and otherwise inappropriate sexual remarks to plaintiff on the premises of defendant UNR.

2

7.  Plaintiff and at least one other UNR employee complained to plaintiff's supervisor, Professor Victor Kantsyrev, who supervised the laboratory facility at which plaintiff was employed, of the sexually offensive and threatening conduct of Mr. Fedin. Professor Kantsyrev was possessed of a duty, by virtue of his position and authority, to promptly communicate plaintiff's complaint to other members of UNR's management and to otherwise prevent Mr. Fedin from engaging in the sexual harassment of plaintiff and other employees. Instead of discharging said duties, Professor Kantsyrev reacted with anger, directed at plaintiff, because of plaintiff's complaint. Professor Kantsyrev threatened plaintiff and otherwise became verbally abusive towards plaintiff in response to plaintiff having complained of Mr. Fedin's sexual harassment. Professor Kantsyrev made such statements as "Dmitry [Fedin] is a big guy, he could really hurt someone if I wanted him to."

8.  Plaintiff continued to be sexually harassed by Mr. Fedin for approximately six weeks after having complained to Professor Kantsyrev of Mr. Fedin's sexual harassment.

9.  Defendant UNR maintains a paper policy that purports to prohibit sexual harassment. However, defendant UNR refused to timely enforce that policy. Prior to plaintiff's complaint to Professor Kantsyrev, defendant UNR knew, or should have known, of the sexually aggressive, threatening and inappropriate conduct of Mr. Fedin's conduct and of his habit of threatening other employees and students of UNR well before plaintiff complained thereof. Notwithstanding such knowledge and notice, defendant UNR failed to take any timely, adequate remedial action sufficient to cure the past misconduct of Mr. Fedin and to deter future misconduct by Mr. Fedin. In response to plaintiff having complained, plaintiff was subjected to additional hostility. Additionally, defendant UNR refused to renew plaintiff's contract and otherwise retaliated against him.

10. Upon UNR's human resources office acquiring knowledge of plaintiff's complaint, UNR finally and belatedly took action to cure the misconduct of Professor Kantsyrev and Mr. Fedin.

3

11. Said retaliatory actions by defendant UNR contributed to the creation of a sexually hostile work environment.

12. As a direct and proximate result fo having been subjected to a sexually hostile and threatening work environment plaintiff suffered emotional distress, loss of enjoyment of life, humiliation and fear. It has been necessary for plaintiff to retain counsel and incur costs in order to attempt to vindicate his federally protected rights to be free of sexual hostility and retaliation.

### Second Cause of Action
### (Retaliation)

13. Plaintiff hereby incorporates the allegations contained in paragraph 1 through 12 as though the same were fully stated herein.

14. Some of the conduct alleged herein, including, but not limited to, the failure to renew plaintiff's contract and the threats by Professor Kantsyrev, constituted retaliation.

15. As a direct and proximate result of having been subjected to retaliation by defendant UNR plaintiff suffered and was injured as described herein. As a further and direct proximate result plaintiff suffered lost educational and career opportunities.

WHEREFORE, plaintiff prays for relief as follows;

1. For an award of compensatory relief, including relief for emotional damages and loss of enjoyment of life.

2. For an award of special damages according to proof;

3. For an award of a reasonable attorney's fee and costs;

4. For an award of punitive damages; and

5. For such other and further relief, including injunctive relief to force defendant UNR to actually enforce the paper policy it purports to have, as the Court or jury may deem just and appropriate.

DATED this 3rd day of September, 2002.

MARK MAUSER, ESQ.